# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| ANGUS M. DUTHIE and ) | |
| MICHAEL J. CONDRON, ) | |
| ) | |
| Plaintiff, ) | No. 07 C 5491 |
| ) | |
| v. ) | Magistrate Judge Jeffrey Cole |
| ) | |
| MATRIA HEALTHCARE, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

On February 22, 2008, I entered a Memorandum Opinion and Order [#60] preliminarily enjoining the defendant from proceeding with its claims before the American Arbitration Association against the plaintiffs personally. The remaining aspects of the arbitration by Matria against Coral SR LLC – which was the entity the stakeholders had appointed to act as their representative agent and attorney-in-fact for all purposes under the half billion dollar Merger Agreement between Matria and CoreSolutions – was unaffected by the order. *See Duthie v. Matria Healthcare, Inc.*, 535 F.Supp.2d 909 (N.D.Ill. 2008).

On March 21, 2008, the defendant filed a Notice of Appeal. Thereafter, the defendant informed the AAA panel that it intended to seek a judgment against the Escrow Fund for an amount in excess of the corpus of the Fund. It has said both in the arbitration and in these proceedings, that if it were successful in that endeavor, it believed it had the right to file an independent action against Messrs. Duthie and Condron personally in which it could rely on the arbitration award as the basis

to collect the amount of the overage from their personal assets.[1] The theory underlying such a claim would be that Coral SR was, under the Merger Agreement, the attorney in fact for the stakeholders and thus, Messrs. Duthie and Condron would be collaterally estopped from contesting those matters actually determined in the arbitration.

Messrs. Duthie and Condron responded on March 28, 2008, by moving to hold Matria in contempt of the February 22nd injunction. [#73]. On April 2nd, I informed the parties that I would treat the motion for contempt as a motion for clarification or modification of the injunction, and I "suggest[ed]" that the parties seek expedited review in the court of appeals of the February 22, 2008 Order. [#77]. I also instructed Matria, which had not yet done so, to dismiss the claims against Messrs. Duthie and Condron. They have since moved to dismiss those claims, but the arbitration panel has yet to grant the motion.

Pursuant to our discussion at the oral argument on April 2, 2008, Messrs. Duthie and Condron filed on April 3rd, a proposed modification to the preliminary injunction order that would preliminarily enjoin Matria from seeking to enforce against Messrs. Duthie and Condron personally any judgment obtained in the arbitration proceeding and from seeking to bind them to any finding, determination, order or judgment made or entered in that arbitration. [#78]. Matria has objected to the modification on the ground that the court's ruling that plaintiffs "are not proper parties to the arbitration proceeding does not necessitate a ruling that an award by the AAA Panel will not effect

---

[1] Currently, there is approximately $16.5 million in the Escrow Fund which all agree is non-replenishable from any source. Thus, it is Matria's position that if an arbitration award were obtained against the Escrow Fund for, say, $100 million based upon fraud of Messrs. Duthie and Condron, the award could serve as the basis for an independent suit against them by Matria which would seek $84 million in damages. Matria's theory is actually a bit broader in that it believes that the arbitration award might also be recoverable against other stakeholders.

2

future litigation between Matria and plaintiffs, as that issue is not ripe for decision." (Matria's Response to Proposed Order of 2/22/08) [#82].[2]

Under Rule 62(c), Federal Rules of Civil Procedure, a district court may, while an appeal is pending from an interlocutory order granting an injunction, modify an injunction on terms that secure the opposing party's rights. Most of the circuits agree that the district court should only take action pursuant to the Rule in an effort to maintain the *status quo* of the parties pending the outcome of the appeal. *See* 12 Moore's Federal Practice, §62.06[1] at 62.18 (3rd ed. 2004). *See also Basicomputer Corp. v. Scott*, 973 F.2d 507, 513 (6th Cir. 1992); *Ortho Pharmaceutical Corp. v. Amgen, Inc.*, 887 F.2d 460, 459 (3rd Cir. 1989). The court may not modify the injunction in such a manner as to "'finally adjudicate substantial rights directly involved in the appeal.'" *A&M Records, Inc. v. Napster, Inc.*, 284 F.3d 1091, 1099 (9th Cir. 2002).

Generally, a four-part test is employed to determine whether an injunction should be amended or modified pursuant to Rule 62(c). The criteria a district court is to use in exercising its considerable discretion, 13 Moore's Federal Practice, §§65.03, 65.22[1][b] (3rd ed. 2004), are identical to those used in determining whether motions for injunctive relief of any nature will be granted. Thus, there must be a showing, *inter alia*, of irreparable harm. 12 Moore's Federal Practice, *supra.*; 13 Moore's Federal Practice, §65.06[2]. An irreparable injury is one that a court would not be able to remedy even if the movant would prevail in the final adjudication. "By contrast, a court will deny injunctive relief if the harm alleged by the movant may be adequately remedied by other means." *Id.*

---

[2] The Response string cites without discussion 4 cases–two Illinois Appellate court decisions and two lower court federal cases–which deal with the requirements of collateral estoppel.

3

"Alleged harm that is remote or speculative will not be considered irreparable; rather, the movant must demonstrate that the threatened harm is imminent." 13 Moore's, §65.22[1][b] at 65.44. *Cf. C.B. v. Board of School Commissioners of Mobile Co.,* AL, 2008 WL 63298 at *1 (11th Cir. 2008); *Bedrossian v. Northwestern Memorial Hospital,* 409 F.3d 840, 846 n.3 (7th Cir. 2005).

A review of the circumstances surrounding the immediate controversy between Matria and Messrs. Duthie and Condron reveals the absence of any threat of immediate harm. The appeal is being heard on an expedited basis pursuant to the Court of Appeal's Order of 4/9/08. The last brief is due on 5/11/08 and the 4/9/08 Scheduling Order provides that no extensions of time will be allowed and that oral argument will be scheduled for the earliest possible date after the briefing is completed.

There are also pending before the AAA Panel motions by Matria and Coral SR LLC dealing with the permissibility of Matria's seeking a judgment in excess of the extant corpus of the Escrow Fund While the Panel has yet to rule on these motions, it may reasonably be anticipated that it will act with dispatch and certainly will do so long before the suggested trial date of 10/27/08 with a completion date of 11/14/08. The ability to finish by November 14th will require two continuous weeks, which the Panel's 4/8/08 order may not be feasible. The panel has also said that it will entertain post-hearing submissions and that it will "present the parties with a reasoned award." (Order of the AAA Panel 4/8/08). Thus, it is certain that nothing will happen in the arbitration that might conceivably be binding on Messrs. Duthie and Condron for at least eight months. In the interim, the Court of Appeals undoubtedly will have acted, and the Arbitration Panel will have decided whether Matria can obtain a judgment in excess of the amount in the Escrow Fund.

Since it is impossible to forecast the events still "in the womb of time," *Dennis v. United*

4

*States*, 341 U.S. 494, 551 (1950)(Frankfurter, J., concurring), it cannot be said that there is any likelihood of a finding that would be adverse to Messrs. Duthie and Condron. That being so, there is no likelihood of irreparable harm. If Messrs. Duthie and Condron prevail, it is certain that there will be no harm.

If the Court of Appeals rules adversely to Messrs. Duthie and Condron, any modification would likewise be reversed and Messrs. Duthie and Condron will be active participants in the arbitration and their present concerns will be moot. But let us assume that the Court of Appeals concludes that the injunction was properly issued and that Messrs. Duthie and Condron should never have been joined as parties in the arbitration, but that Matria persuades the arbitrators that it can obtain a judgment in excess of the corpus of the Escrow Fund. Even then, there would not be a sufficient showing of irreparable harm. Any number of things could preclude the harm that Messrs. Duthie and Condron fear.

First, Matria could lose in the arbitration, and there would be no threat to Messrs. Duthie and Condron. Second, Matria could win, but only prove damages up to or less than the corpus of the Escrow Fund. In that event, there would be no threat to Messrs. Duthie and Condron from the arbitration award. Third, Matria could decide, depending on the proofs, not to proceed against Messrs. Duthie and Condron either because of concerns about client relations or concerns about unwanted public disclosures or because it concluded that it could not prevail under the doctrine of collateral estoppel. Fourth, even if Matria wins the arbitration and obtains a judgment in excess of the Escrow Fund corpus and pursues Messrs. Duthie and Condron based on the award, there will be ample opportunity for them to argue to a court that as non-parties to the arbitration, they are not bound by anything that occurred in that proceeding. Since the future harm hypothesized by Messrs.

5

Duthie and Condron "may be adequately remedied by other means," Moore's, *supra.*, the injunction should not be modified as requested.

In short, the harm hypothesized by plaintiffs is remote, speculative, and contingent on an extended series of events, one or more of which may never come to pass. Consequently, there is no likelihood of irreparable harm warranting modification of the preliminary injunction.

For the foregoing reasons, the motion of Messrs. Duthie and Condron to find Matria in contempt [73] is DENIED. Treating the motion as a motion to modify the injunction, it is DENIED.

ENTERED: _____

UNITED STATES MAGISTRATE JUDGE

DATE: 4/11/08

6