# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ANGUS M. DUTHIE and )
MICHAEL J. CONDRON, )
)
          Plaintiff, ) No. 07 C 5491
)
v. ) Magistrate Judge Jeffrey Cole
)
MATRIA HEALTHCARE, INC., )
)
          Defendant. )

## AMENDED MEMORANDUM OPINION AND ORDER[1]

The parties appeared for status on Monday, 4/21/08, to discuss supplementing the record in

Duthie v. Matria Healthcare, Inc., 08-1699, presently pending in the United States Court of Appeals

for the Seventh Circuit. *See* Rule 10(e)(2)(B), Federal Rules of Appellate Procedure; Seventh Circuit

Rule 10(b). The parties agree that the Joint Stipulation and Exhibits A - U, attached thereto, should

be part of the record on appeal. What they dispute is whether those Exhibits should be submitted

in redacted or unredacted form. The controversy only involves Exhibits G, J, K, L, N, R, and T.

Initially, the Joint Stipulation and Exhibits A-U were submitted in their unredacted form by

the plaintiffs to me in chambers in connection with the motion for preliminary injunction.

Immediately thereafter, the defendant submitted an identical set of exhibits with redactions to

Exhibits G, J, K, L, N, R, and T. The redactions were few in number and irrelevant to any issue that

was before me. They only involved the identity of the company or companies that were allegedly

affected by the fraud that Matria claimed had been perpetrated by the plaintiffs in connection with

---

[1] This Opinion and Order supercedes the order entered earlier today, in order to correct a mistaken
designation in what should be included in the record on appeal.

the merger between Matria and CoreSolutions. *See Duthie v. Matria*, 535 F.Supp.2d 909 (N.D.Ill. 2008).

In an attempt to prevent public disclosure of the exhibits – which had not yet been filed with the Clerk of the Court – Matria filed a motion captioned "Motion to Enforce Protective Order and File Redacted Exhibits." [Dkt. 29]. In that motion, Matria claimed that if Exhibits G, J, K, L, N, R, and T were filed in unredacted form, it would violate an order entered in a related case by a court in Delaware and would disclose certain information claimed to be confidential and thus legitimately entitled to be kept from public view. The plaintiffs objected to the filing of these Exhibits in redacted form. That motion is presently pending before me.

Of course, judicial proceedings are open to the public and what happens in the halls of government is presumptively open to public scrutiny. *See Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999); *Matter of Krynicki*, 983 F.2d 74 (7th Cir. 1992)(Easterbrook, J.)(on motion to seal appellate briefs). "Secrecy persists only if the court does not use the information to reach a decision on the merits." *Krynicki*, 983 F.2d at 76-77. During an extensive colloquy with counsel we collectively reviewed the redacted information and with one exception, I explained that I did not utilize any of the redacted information and that, more importantly, the identity of the company that Matria claimed had been affected by the alleged fraud was irrelevant to my decision to issue the injunction. As I explained, the name of the company affected by the alleged fraud was analytically irrelevant to the question of the plaintiffs' entitlement, *vel non*, to injunctive relief. Indeed, it did not matter whether the affected company had even been identified in Exhibits G, J, K, L, N, R, and/or T.

The only redacted Exhibit that was relevant to my decision and that I did rely on was Exhibit

2

G, which was Matria Healthcare, Inc.'s First Amended Response To Claimant's Demand For Arbitration And Counterclaim, which had been filed with the American Arbitration Association in late March 2007.[2] That document is expressly referred to in my decision and should be included in the record in its unredacted form. Since none of the few other redactions were relevant in any way to or utilized in any way in ruling on the Motion for Preliminary Injunction – or on the Motion to Hold Matria in Contempt, *Duthie v. Matria Healthcare, Inc.*, 2008 WL 1700340 (N.D.Ill. April 11, 2008) – and since there is a pending motion that alleges in part that certain of the redactions involve material that is properly deemed confidential, and that in any event disclosure is prohibited by an extant order of the Delaware court, the record on appeal should not contain unredacted Exhibits J, K, L, N, R or T. Exhibit G and all other Exhibits attached to the Joint Stipulation should be filed in their unredacted form, along with the Joint Stipulation. The redacted Exhibits J, K, L, N, R and T, filed with the Clerk of the District Court shall be those presented to me by Matria and provided to counsel for the plaintiffs at the time of their submission to me. Counsel shall assemble the Exhibits so that they comply with this order.

In addition to requesting an unredacted copy of Exhibit G, I also requested a copy additional information relating to the Matria Disclosure letter identified on page 54, ¶7.1c of the Merger Agreement. Specifically, I expressed interest in ¶3.9, which discussed the government inquiry relating to certain healthcare claims. In response to that request, the parties provided a single-paged document captioned, Section 3.9 Compliance with Laws, and consisting of four numbered paragraphs. I suggested to the parties at the hearing on April 21st that this document should be

---

[2] The document that I actually utilized was provided at my request from counsel. At the time I was working on the Memorandum Opinion, I was unaware that I even had an unredacted version of Exhibit G. Hence, my request that the First Amended Response And Counterclaim be provided to me.

included in the record on appeal and they have agreed to do so.

Counsel for Matria is free to take further action regarding this order in the Court of Appeals pursuant to Rule 10(e)(3), Federal Rules of Appellate Procedure.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 4/23/08